### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### EASTERN DIVISION

**TERRY VAN TOLAR AND**
**SARAH TOLAR**                                                                    **PLAINTIFFS**

**v.**                                                          **CAUSE NO. 2:25-cv-26-LG-MTP**

**ZACHARY RODNEY, IN HIS INDIVIDUAL CAPACITY**                  **DEFENDANT**

### ORDER

THIS MATTER is before the Court on Defendant's Motion to Stay Proceedings [117].

Having considered the parties' submissions, the record, and applicable law, the Court finds that

the Motion [117] should be GRANTED.

### BACKGROUND

On February 11, 2024, Plaintiff Terry Van Tolar ("Tolar") was arrested by Defendant

Zachary Rodney and other officers following a traffic stop which Plaintiff Sarah Tolar witnessed.

Tolar was then charged with a felony, simple assault on a law enforcement officer, and three

misdemeanors: "no tag," resisting arrest, and disorderly conduct. The felony charge was

presented to a grand jury which resulted in a "no true bill" on November 2, 2025.

On March 7, 2025, Plaintiffs filed this action. In their Complaint [1], Plaintiffs assert

various state law claims and federal claims under 42 U.S.C. § 1983, including an unlawful arrest

claim. Plaintiffs later filed a Supplemental Complaint [82] in which they added a malicious

prosecution claim.

On April 1, 2026, Defendant moved to stay this action pending resolution of the

misdemeanor charges against Tolar. *See* Motion [117]. The misdemeanor charges have been

pending since the time of Tolar's arrest, but the municipal judge has reset the hearing on these

1

charges multiple times, awaiting the disposition of Tolar's felony charge. *See* [129] at 3. As previously mentioned, a grand jury did not indict Tolar on the felony charge, and the misdemeanor charges are now set for a May 13, 2026 hearing. *See* [117-1].

Defendant seeks a stay on the grounds that some claims may eventually be *Heck*-barred. As the parties cannot know if *Heck* applies until the misdemeanor charges are adjudicated and there is an upcoming motions deadline, Defendant argues that staying the case ensures the parties have an adequate opportunity to brief the issue if convictions occur.

Plaintiffs oppose the Motion [117] arguing that "a pending misdemeanor case does not warrant the Court's discretionary use of a stay especially when practically all discovery has been completed." [128] at 4. Plaintiffs further argue that *Heck* "should not be extended to apply to a case where there is no conviction, and where any upcoming conviction would not negate any element of the claims made in the civil case." *Id.* at 6.

Defendant filed a response, and the matter is now ripe for review.

**ANALYSIS**

Defendant argues that this case should be stayed in accordance with *Heck v. Humphrey*, 512 U.S. 477 (1994). The Fifth Circuit has explained the holding of *Heck* as follows:

> When a plaintiff alleges tort claims against his arresting officers, the district court must first consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence. If so, the claim is barred unless the plaintiff demonstrates that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of *habeas corpus* under 28 U.S.C. § 2254.

*DeLeon v. City of Corpus Christi,* 488 F.3d 649, 652 (5th Cir.2007). Given that Tolar's misdemeanor charges remain pending, *Heck* does not yet apply. *See Wallace v. Kato*, 549 U.S. 384, 393-94 (2007). However, where a plaintiff files a civil claim "related to rulings that will

2

likely be made in a pending or anticipated criminal trial[], it is within the power of the district court, and in accord with common practice to stay the civil action until the criminal case or the likelihood of a criminal case is ended." *Wallace*, 549 U.S. at 393-94. "If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck* will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit." *Id.* at 394.

"However, if the district court decides 'that the plaintiff's [section 1983] action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.'" *Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995) (quoting *Heck,* 512 U.S. at 487).

Here, a ruling in favor of Plaintiffs on their unlawful arrest claim would necessarily imply the invalidity of a criminal conviction of resisting arrest. "[T]he *Heck* Court observed that § 1983 unlawful-arrest claims cannot lie in cases in which 'a state defendant is convicted of and sentenced for the crime of resisting arrest … [because] he would have to negate an element of the offense of which he has been convicted.'" *Daigre v. City of Waveland, Miss.*, 549 F. App'x 283, 287 (5th Cir. 2013) (quoting *Heck*, 512 U.S. at 486 n.6). Indeed, under Mississippi Code § 97-9-73, "[r]esisting arrest occurs when a person obstructs or resists his **lawful** arrest, by force, violence, threats, or in any other manner." *Chambers v. State*, 973 So.2d 266, 269 (Miss. Ct. App. 2007) (emphasis added). Because a lawful arrest is an essential element of the offense, a conviction would *Heck*-bar any claim that the arrest was unlawful.

Furthermore, "a claim is barred by *Heck* if the plaintiff's factual allegations supporting the claim are necessarily inconsistent with the validity of the conviction." *Aucoin v. Cupil*, 958 F.3d 379, 383 (5th Cir. 2020). In their Supplemental Complaint [82], Plaintiffs claim that "neither Plaintiff did anything which would warrant any reasonably competent officer to take

any police action, and there was no probable cause either Plaintiff had committed any crime." [82] at 3. The Supplemental Complaint further provides that "Plaintiff Terry Van Tolar was making no resistance [whatsoever], and his hands were being held down beneath his body" at the time of the arrest. *Id.* at 4. Should Tolar be convicted of resisting arrest, these factual allegations would appear to be inconsistent with that conviction. Thus, it is appropriate and within this Court's discretion to stay this claim pending resolution of the Columbia Municipal Court charges.

Moreover, even if some of the Plaintiffs' claims may not be subject to a *Heck* bar should Tolar be convicted on the misdemeanor charges, the Court finds that a temporary stay of the case is appropriate. All claims arise from the same facts as the resisting arrest claim - the February 11, 2024 incident and subsequent prosecution. Because these civil claims are not "temporally and conceptually distinct" from the criminal charges, proceeding on a piecemeal basis would be impractical, and "the civil claims must be stayed." *McCollom v. City of Kemp, Tex.*, 2014 WL 6085289, at *3 (N.D. Tex. Nov. 14, 2014); *Mackey*, 47 F.3d at 746. Accordingly, the Court will stay the entirety of the proceedings pending the resolution of the criminal matter or until further order of the Court.

Plaintiffs raise concerns regarding whether the municipal court matter will actually proceed on May 13, 2026. However, Defendant has submitted a letter from the Columbia Municipal Court Clerk confirming the case is currently set for that date. *See* [117-1]. The Court will proceed based on the documentation provided by Defendant but, to avoid an indefinite stay, will require the parties to file a status report by June 15, 2026. The Court will then determine whether the stay should be maintained or lifted.

Accordingly, the Court finds that the Motion [117] should be granted, and the proceedings should be temporarily stayed until the Columbia Municipal Court misdemeanor charges against Tolar are completed or until further order of the Court.

IT IS, THEREFORE, ORDERED that:

1. Defendant's Motion to Stay Proceedings [117] is GRANTED;

2. This action is hereby temporarily stayed pending the termination of the Columbia Municipal Court criminal proceedings of Plaintiff Terry Van Tolar or until further order of the Court. All remaining case deadlines, including the motions deadline, are suspended and will be reset when appropriate;

3. The parties shall file a motion to lift the stay within ten (10) days of the disposition of the criminal proceedings; and

4. If the criminal proceedings have not concluded by June 15, 2026, the parties shall submit to the chambers of the undersigned a report regarding the status of the criminal proceedings.

SO ORDERED, this the 8th day of May, 2026.

s/Michael T. Parker_____
United States Magistrate Judge

5